1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

DEBORAH T.,

                       Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                     Defendant.

CASE NO. C20-5746-MAT

ORDER RE: SOCIAL SECURITY
DISABILITY APPEAL

       Plaintiff proceeds through counsel in her appeal of a final decision of the Commissioner of the Social Security Administration (Commissioner). The Commissioner denied Plaintiff's application for Disability Insurance Benefits (DIB) after a hearing before an Administrative Law Judge (ALJ). Having considered the ALJ's decision, the administrative record (AR), and all memoranda of record, this matter is AFFIRMED.

### **FACTS AND PROCEDURAL HISTORY**

       Plaintiff was born on XXXX, 1964,[1] has an associate's degree, and previously worked in the composite job of Eligibility Worker, as a Physical Therapy Assistant, in the composite of Teacher Aide and Volunteer Services Coordinator, and as a Teacher Aide. (AR 22, 36, 41.) Plaintiff applied for DIB on March 8, 2018. (AR 15.) That application was denied initially and

---

[1] Dates of birth must be redacted to the year. Fed. R. Civ. P. 5.2(a)(2) and LCR 5.2(a)(1).

1   upon reconsideration, and Plaintiff timely requested a hearing. (*Id.*) On July 30, 2019, ALJ

2   Rebecca L. Jones held a hearing, taking testimony from Plaintiff and a vocational expert. (AR 30-

3   72.) On February 26, 2020, the ALJ issued a decision finding Plaintiff not disabled. (AR 15-23.)

4   Plaintiff timely appealed. The Appeals Council denied Plaintiff's request for review (AR 1-6),

5   making the ALJ's decision the final decision of the Commissioner. Plaintiff now seeks judicial

6   review.

7                                    **JURISDICTION**

8        The Court has jurisdiction to review the ALJ's decision pursuant to 42 U.S.C. § 405(g).

9                                     **DISCUSSION**

10       The Commissioner follows a five-step sequential evaluation process for determining

11  whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1520, 416.920 (2000).  At step one, it must

12  be determined whether the claimant is gainfully employed. The ALJ found Plaintiff had not

13  engaged in substantial gainful activity since March 1, 2018, the alleged onset date. (AR 18.) At

14  step two, it must be determined whether a claimant suffers from a severe impairment. The ALJ

15  found severe Plaintiff's migraine headaches (AR 18.) Step three asks whether a claimant's

16  impairments meet or equal a listed impairment. The ALJ found that Plaintiff's impairments did

17  not meet or equal the criteria of a listed impairment. (*Id.*)

18       If a claimant's impairments do not meet or equal a listing, the Commissioner must assess

19  residual functional capacity (RFC) and determine at step four whether the claimant has

20  demonstrated an inability to perform past relevant work. The ALJ found Plaintiff capable of

21  performing light work as defined in 20 CFR §404.1567(b), subject to additional limitations. She

22  is unable to perform work that requires climbing ladders, ropes, or scaffolds. She can occasionally

23  climb ramps and stairs, occasionally stoop, kneel, crouch, and crawl, and can perform work that

does not require repetitive rotation, flexion or extension of the neck.  She is able to perform work that does not require the ability to reach overhead bilaterally, frequently handle, finger, and feel bilaterally, and perform work that did not require exposure to hazards as that term in defined by the Dictionary of Occupational Titles. (AR 19.) With that assessment, and with the assistance of the VE, the ALJ found Plaintiff capable of performing past relevant work as a Teacher Aide. (AR 22.) Therefore, the ALJ concluded Plaintiff was not disabled from March 1, 2018, through the date of the decision. (AR 23.)

This Court's review of the ALJ's decision is limited to whether the decision is in accordance with the law and the findings supported by substantial evidence in the record as a whole. *See Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989). If there is more than one rational interpretation, one of which supports the ALJ's decision, the Court must uphold that decision. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

Plaintiff argues the ALJ erred in assessing certain medical opinion evidence and by discounting her testimony. The Commissioner argues the ALJ's decision is free of legal error, supported by substantial evidence, and should be affirmed.

<u>Medical Opinion Evidence</u>

Because Plaintiff applied for benefits after March 27, 2017, new regulations apply to the ALJ's evaluation of medical opinion evidence. Under the regulations, an ALJ "will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or

prior administrative medical finding(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a).[2] The ALJ must articulate and explain the persuasiveness of an opinion or prior finding based on "supportability" and "consistency," the two most important factors in the evaluation. *Id.* at (a), (b)(1)-(2). The "more relevant the objective medical evidence and supporting explanations presented" and the "more consistent" with evidence from other sources, the more persuasive a medical opinion or prior finding. *Id.* at (c)(1)-(2). The ALJ may but is not required to explain how other factors were considered, as appropriate, including relationship with the claimant (length, purpose, and extent of treatment relationship; frequency of examination); whether there is an examining relationship; specialization; and other factors, such as familiarity with other evidence in the claim file or understanding of the Social Security disability program's policies and evidentiary requirements. *Id.* at (b)(2), (c)(3)-(5). *But see id.* at (b)(3) (where finding two or more opinions/findings about same issue equally supported and consistent with the record, but not exactly the same, ALJ will articulate how other factors were considered). Where a single medical source provides multiple opinions or findings, the ALJ conducts a single analysis and need not articulate how each opinion or finding is considered individually. *Id.* at (b)(1).

### A.  Ali Samii, M.D.

Dr. Samii opined Plaintiff "would be able to sit, stand, or walk for one hour at a time for a total of three hours in an eight-hour" day; "could occasionally reach, handle, finger, feel, and push/pull bilaterally, and that she could frequently use foot controls, occasionally climb ramps and stairs, and never climb ladders, ropes, or scaffolds, balance, stoop, kneel, crouch or crawl"; "should

---

[2] "A prior administrative medical finding is a finding, other than the ultimate determination about [disability], about a medical issue made by our Federal and State agency medical and psychological consultants at a prior level of review ... in [a] claim based on their review of the evidence in your case record[.]" 20 C.F.R. §§ 404.1513(a)(5), 416.913(a)(5).

avoid unprotected heights, moving mechanical parts, extreme cold, extreme heat, and vibrations and could tolerate moderate noise"; and "could tolerate occasional exposure to operating a moving vehicle, humidity, wetness, and dust/odors/fumes/pulmonary irritants." (AR 21-22.) The ALJ found Dr. Samii's opinions "unpersuasive because they are inconsistent with the longitudinal medical evidence and the claimant's demonstrated functioning," (AR 22.)

Plaintiff argues the findings upon which the ALJ relies do not contradict Dr. Samii's assessed limitations.   She notes that Dr. Samii cited "neck and shoulder girdle dystonia and muscle spasms due to dystonia" (AR 458-461), which plaintiff contends are objective findings undermining the ALJ's characterization of plaintiff's exam findings as "benign" (AR 22).

Dr. Samii's medical statement cited "neck and shoulder girdle dystonia and muscle spasms due to dystonia" as the basis for limiting plaintiff to "occasional" performance of certain upper extremity movements, as well as prohibiting certain postural activities. (AR 458-459.) The ALJ agreed that the medical evidence supported restricting plaintiff to "frequent" (rather than "continuous") handling, fingering, and feeling, but found "unpersuasive" Dr. Samii's more restrictive limitations. (AR 22.)[3] The ALJ cited medical records showing Plaintiff's grossly intact cranial nerves, intact sensation and strength and normal deep tendon reflexes. (*Id.*) (*See, e.g.,* AR 356 ("Cranial Nerves: grossly intact", Motor: strength and bulk throughout, Sensation: light touch and vibration intact, DTRs: intact and 2+ throughout, Coordination: intact with normal FTNs"), AR 369-70 ("Mild spasm and tenderness in the muscles of the left neck…Mid and lower cervical spine and left paravertebral neck muscles are tender to palpation…Cranial nerves are grossly intact.")).

---

[3] The ALJ also rejected Dr. Samii's statements about plaintiff being disabled as conclusory and intruding into an issue reserved to the Commissioner. "Whether a claimant is disabled or unable to work is an issue reserved to the Commissioner, and an opinion on such an issue is not entitled to any specific significance."   20 C.F.R. § 416.927(d).

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 5

1    "The ALJ is responsible for resolving conflicts in the medical record." *Carmickle v.*

2    *Comm'r of SSA*, 533 F.3d 1155, 1164 (9th Cir. 2008) (citing *Benton v. Barnhart*, 331 F.3d 1030,

3    1040 (9th Cir. 2003).  *Accord Thomas*, 278 F.3d at 956-57 ("'When there is conflicting medical

4    evidence, the Secretary must determine credibility and resolve the conflict.'") (quoting *Matney v.*

5    *Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992)).  The Court does not find the ALJ erred in

6    considering the opinion of Dr. Samii.

7         B.  <u>Lisa Bowling, PT</u>

8         Lisa Bowling examined Plaintiff on October 17, 2018, and opined Plaintiff "could work at

9    a less than sedentary physical demand level." (AR 22 (internal quotations and citation omitted).)

10   The ALJ noted Ms. Bowling's opinion was requested by Plaintiff's representative, while not

11   specifically rejecting the opinion for that reason. *See Lester v. Chater*, 81 F.3d 821, 832 (9th Cir.

12   1996) ("The purpose for which medical reports are obtained does not provide a legitimate basis

13   for rejecting them."). The ALJ did find a lack of evidence of Ms. Bowling's qualifications to make

14   a vocational assessment, more appropriately reserved to a vocational expert.  The ALJ also found

15   Ms. Bowling's assessment inconsistent with other medical opinions that addressed Plaintiff's

16   functional abilities, citing the opinion of impartial medical expert Justin A. Willer, M.D. that

17   Plaintiff could work full-time, state agency consultant Howard Platter, M.D. that Plaintiff could

18   work at the light exertional level, and Plaintiff's treating physician's opinion that as of March 2018

19   Plaintiff could work full time. (AR 20-22.) The fact the ALJ "*could* have come to a different

20   conclusion" in interpreting the record does not suffice to demonstrate error.  *Shaibi v. Berryhill*,

21   883 F.3d 1102, 1108 (9th Cir. 2018) (emphasis in original).  Because the ALJ's conclusion is

22   supported by substantial evidence and his interpretation of the evidence rational, his conclusions

23

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 6

are properly upheld.  *Id.*   The Court finds the ALJ's consideration of Ms. Bowling's opinions legally sufficient and free of error.

<u>Plaintiff's Testimony</u>

Plaintiff contends the ALJ erred in considering her testimony regarding her functional capacity.  Where, as here, an ALJ determines a claimant has presented objective medical evidence establishing underlying impairments that could cause the symptoms alleged, and there is no affirmative evidence of malingering, the ALJ can only discount the claimant's testimony as to symptom severity by providing "specific, clear, and convincing" reasons supported by substantial evidence. *Trevizo v. Berryhill*, 871 F.3d 664, 678 (9th Cir. 2017).

The ALJ found Plaintiff's testimony not entirely consistent with the medical evidence and other evidence in the record.  *Carmickle v. Comm'r of SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) ("Contradiction with the medical record is a sufficient basis for rejecting the claimant's subjective testimony.")  Plaintiff's examinations showed normal coordination, a steady and normal gait, bilateral intact strength and sensation in all extremities, grossly intact cranial nerves and normal deep tendon reflexes in all extremities. (AR 20.) While plaintiff reported worsening migraine headaches, particularly with psychosocial stressors such as familial health issues, medications helped decrease the frequency and intensity, and Xeomin injections provided on average two months or relief at a time. ("treatments or other methods used to alleviate symptoms is 'an important indicator of the intensity and persistence of your symptoms'") 20 C.F.R. §§ 404.1529(c)(3), 416.929(c)(3). *Cf. Warre v. Comm'r of the SSA*, 439 F.3d 1001, 1006 (9th Cir. 2006) ("Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits.").  While Plaintiff urges a different interpretation of the evidence, she fails to demonstrate legal error in the ALJ's findings. ("Where

the evidence is susceptible to more than one rational interpretation, it is the ALJ's conclusion that must be upheld.") (citing *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). According, the Court finds no basis to reverse the ALJ's evaluation of Plaintiff's subjective symptom testimony.

## **CONCLUSION**

For the foregoing reasons, this matter is AFFIRMED.

DATED this <u>6th</u> day of April, 2021.

Mary Alice Theiler
United States Magistrate Judge

ORDER RE: SOCIAL SECURITY DISABILITY APPEAL - 8